**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHN VIDUREK, KIMBERLY VIDUREK and
JAMES VIDUREK,

                          Plaintiffs,

          -against-

PIM POLLEN, MARGARETH DE WIT,
ALESSANDRO DONETTI, N CASSADINE, J
MELENDEZ, SUSAN LAMASTRO, JEANETTE
WILLET, FRANK J CHAN, CHARLES P.
RETTIG, and BOBBI S MARTIN,

                         Defendants.

Case No. 20 CV 6714 (CS)

---

## MEMORANDUM OF LAW IN SUPPORT OF THE FEDERAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
*Attorney for the Federal Defendants*
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2693
Facsimile: (212) 637-2686
Email: brandon.cowart@usdoj.gov

BRANDON H. COWART
Assistant United States Attorney
- Of Counsel -

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ................................................................................................................. 2

    A.   The IRS Assessment and Collection Efforts in *Vidurek I* and *Vidurek II* ........................ 2

    B.   The Notice & Demand ................................................................................................. 3

    C.   First Action at Law ..................................................................................................... 6

    D.   Removal of the First Action at Law to Federal Court ...................................................... 7

    E.   Second Action at Law ................................................................................................. 7

ARGUMENT ..................................................................................................................... 8

    A.   Standards of Review ................................................................................................... 8

    B.   The Court Lacks Jurisdiction over Plaintiffs'
        Claims Against the Federal Defendants ......................................................................... 9

            1.   The United States Has Not Waived Sovereign Immunity
                for Plaintiffs' Claims Against the Federal Defendants ..................................... 9

            2.   Plaintiffs Failed to Properly Serve the Individual Federal Defendants ........... 12

            3.   Plaintiffs Cannot Bring Criminal Charges Against the Federal Defendants .... 14

    C.   Plaintiffs Fail to State a Claim Against the Individual Federal Defendants ..................... 14

            1.   *Bivens* Remedies Are Unavailable in the Taxation Context ........................... 14

            2.   Plaintiffs Fail to Allege Sufficient Personal
                Involvement of the Individual Federal Defendants ........................................ 15

            3.   Plaintiffs Fail to State a Claim Under 42 U.S.C. §§ 1985 and 1986 ............... 16

            4.   Plaintiffs' State Law Claims Against the Individual
                Federal Defendants Fail .............................................................................. 17

            5.   Even if Plaintiffs Could Bring Any Claims Against Any of the Federal
                Defendants, Plaintiffs Fail to State Plausible Claims for Relief ...................... 17

    D.   The Individual Federal Defendants Are Entitled to Qualified Immunity ......................... 17

CONCLUSION ................................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                    Page(s)

*Aetna Cas. & Sur. Co. v. United States*,
    71 F.3d 475 (2d Cir. 1995) ................................................................. 11

*Arar v. Ashcroft*,
    585 F.3d 559 (2d Cir. 2009) ............................................................... 15

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011)............................................................................ 18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................. 15, 16, 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................... 8, 9

*Bivens v. Six Unknown Agents*,
    403 U.S. 388 (1971)........................................................................... 15

*Blackmar v. Guerre*,
    342 U.S. 512 (1952)............................................................................. 9

*Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*,
    461 U.S. 273 (1983)........................................................................... 10

*Bonita Packing Co. v. O'Sullivan*,
    165 F.R.D. 610 (C.D. Cal. 1995)...................................................... 13

*Celauro v. IRS*,
    411 F. Supp. 2d 257 (E.D.N.Y. 2006) .............................................. 19

*Celestine v. Mount Vernon Neighborhood Health Ctr.*,
    403 F.3d 76 (2d Cir. 2005) ............................................................... 11

*Chrysler Corp. v. Brown*,
    441 U.S. 281 (1979)........................................................................... 14

*Conlin Enter. Corp. v. Snews LLC*,
    07 CV 922, 2008 WL 803041 (D. Utah Mar. 24, 2008)................... 13

*Crawford El v. Britton*,
    523 U.S. 574 (1998)........................................................................... 19

*Dugan v. Rank*,
    372 U.S. 609 (1963)............................................................................. 9

*Durkee v. Leicester*,
    06 CV 1100, 2007 WL 2852384 (M.D. Pa. Sept. 27, 2007) .................................................. 13

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994) ............................................................................... 9

*Ganek v. Leibowitz*,
    874 F.3d 73 (2d Cir. 2017) ............................................................................. 18

*Graham v. Henderson*,
    89 F.3d 75 (2d Cir. 1996) ............................................................................... 17

*Greene v. IRS*,
    348 F. App'x 625 (2d Cir. 2009) ..................................................................... 9

*Griffin v. Breckenridge*,
    403 U.S. 88 (1971) .......................................................................................... 16

*Hudson Valley Black Press v. IRS*,
    409 F.3d 106 (2d Cir. 2005) ................................................................... 10, 15

*Jackman v. D'Agostino*,
    669 F.Supp. 43 (D. Conn. 1987) ............................................................. 15, 16

*Kennar v. Kelly*,
    10 CV 2105, 2011 WL 2116997 (S.D. Cal. May 27, 2011) ........................... 11

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ............................................................................ 8

*McPherson v. Coombe*,
    174 F.3d 276 (2d Cir. 1999) ............................................................................ 8

*Morrison v. Nat'l Australia Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2008) ............................................................................ 8

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ........................................................................................ 18

*Polite v. Town of Clarkstown*,
    60 F. Supp. 2d 214 (S.D.N.Y. 1999) ............................................................. 13

*Rivera v. United States*,
    928 F.2d 592 (2d Cir. 1991) ........................................................................... 17

*Roberts v. IRS*,
    297 F. App'x 63 (2d Cir. 2008) .............................................................. 15, 16

*Robinson v. Overseas Military Sales Corp.*,
  21 F.3d 502 (2d Cir. 1994) ............................................................ 9

*Taravella v. Town of Wolcott*,
  599 F.3d 129 (2d Cir. 2010) ......................................................... 18

*Tonn v. United States*,
  847 F. Supp. 711 (D. Minn. 1994) ................................................ 19

*United States v. Mitchell*,
  463 U.S. 206 (1983) ...................................................................... 10

*United States v. Vazquez*,
  145 F.3d 74 (2d Cir. 1998) ............................................................. 8

*Vidurek v. Koskinen*,
  17 CV 9064, 2018 WL 3597644 (S.D.N.Y. July 25, 2018) ........... passim

*Vidurek v. Miller*,
  13 CV 4476, 2014 WL 901462 (S.D.N.Y. Feb. 27, 2014) ............. passim

*White v. Comm'r*,
  899 F. Supp. 767 (D. Mass. 1995) ................................................. 9

*Wright v. Waterside Plaza LLC*,
  07 CV 9303, 2008 WL 872281 (S.D.N.Y. Apr. 2, 2008) ............... 14

*Yalkut v. Gemignani*,
  873 F.2d 31 (2d Cir. 1989) ........................................................... 19

*Ziglar v. Abbasi*,
  137 S. Ct. 1843 (2017) .................................................................. 15

**Statutes**

5 U.S.C. § 702 ................................................................................ 12

5 U.S.C. § 704 ................................................................................ 12

18 U.S.C. § 242 ................................................................................ 6

18 U.S.C. § 513 ................................................................................ 6

18 U.S.C. § 1001 .............................................................................. 6

18 U.S.C. § 1341 .............................................................................. 6

18 U.S.C. § 1962 .............................................................................. 6

18 U.S.C. § 2384 ................................................................................................................ 6

26 U.S.C. § 6330 .............................................................................................................. 12

26 U.S.C. § 6402(a) ......................................................................................................... 15

26 U.S.C. § 7433 .............................................................................................................. 10

26 U.S.C. § 7604 ................................................................................................................ 6

28 U.S.C. § 1442(a)(1) ....................................................................................................... 7

28 U.S.C. § 1746 ........................................................................................................... 5, 11

28 U.S.C. § 2679(b)(1) .................................................................................................... 17

28 U.S.C. § 2680(c) ......................................................................................................... 11

28 U.S.C. § 1346(b) ........................................................................................................... 2

42 U.S.C. § 1985 ........................................................................................................... 8, 16

42 U.S.C. § 1985(2) ......................................................................................................... 16

**Rules**

Fed. R. Civ. P. 4(e) ......................................................................................................... 12

Fed. R. Civ. P. 12(b)(5) .................................................................................................. 12

Pa. R. Civ. P. 400 ............................................................................................................ 13

Pa. R. Civ. P. 402 ............................................................................................................ 13

**Regulations**

26 C.F.R. § 301.6402-2 .................................................................................................. 21

26 C.F.R. § 301.7433-1(d) ............................................................................................. 14

Defendants Charles P. Rettig, Commissioner of the Internal Revenue Service ("IRS") and IRS employees Natalie Cassadine, Jonnie Melendez, Susan Lamastro, Jeannette Willet, Frank Chan, and Bobbi S. Martin (the "Individual Federal Defendants" and together the "Federal Defendants") by their attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by plaintiffs John Vidurek, Kimberly Vidurek and James Vidurek (together, "Plaintiffs" or the "Vidureks").[1]

## PRELIMINARY STATEMENT[2]

This is yet another case brought by the Plaintiffs against the IRS and IRS employees for trying to assess and collect taxes. Judge Briccetti has twice dismissed as meritless nearly identical lawsuits Plaintiffs John and Kimberly Vidurek have filed claiming, as they do here, that the IRS lacks authority to carry out its tax enforcement duties. *See Vidurek v. Miller*, 13 CV 4476 (VB), 2014 WL 901462 (S.D.N.Y. Feb. 27, 2014) ("*Vidurek I*"); *Vidurek v. Koskinen*, 17 CV 9064 (VB), 2018 WL 3597644 (S.D.N.Y. July 25, 2018) *aff'd*, 789 F. App'x 889 (2d Cir. 2019) ("*Vidurek II*"). This Court should do the same here.

*First*, the doctrine of sovereign immunity bars all of Plaintiffs' claims against the IRS and the Individual Federal Defendants in their official capacity. *Second*, no *Bivens* remedy exists for any constitutional tort against the Individual Federal Defendants, and the Federal Tort Claims

---

[1] Plaintiffs named as a defendant "N Cassadine." The name "N Cassadine" appears in the pleadings as the signatory on the notice of federal tax lien placed on the residence of John Vidurek in 2013. *See* Dkt. No. 1-1 at 25. The Government has identified Natalie Cassadine as that IRS employee. Plaintiffs named as a defendant "J Melendez." The name "J Melendez" appears as the signatory of a letter from the Taxpayer Advocate Service to John Vidurek. *See* Dkt. No. 1-1 at 5. The Government identifies Jonnie Melendez as that IRS employee.

[2] Citations to Plaintiffs' pleadings refer to the ECF-generated page numbers.

Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), precludes Plaintiffs' state-law claims against those defendants. *Third*, even if the Court were to recognize a *Bivens* remedy, the Individual Federal Defendants are entitled to qualified immunity because Plaintiffs' multiple pleadings, taken as a whole, fail to allege any violation of clearly established law. And *fourth*, even if any of Plaintiffs' claims could legally be brought, Plaintiffs fail to state plausible claims for relief, and have not properly served the Individual Federal Defendants. For these reasons, the Court should dismiss all of the Plaintiffs' claims against the Federal Defendants.[3]

## BACKGROUND

### A. The IRS Assessment and Collection Efforts in *Vidurek I* and *Vidurek II*

Judge Briccetti has twice considered the IRS's attempts to assess and collect taxes owed by John and Kimberly Vidurek. *Vidurek I* concerned the IRS's efforts through approximately May 2013 to collect taxes they owed for tax year 2009. In 2014, Judge Briccetti dismissed the complaint it its entirety, finding that the court lacked jurisdiction over claims against the federal defendants because no potentially applicable statute waived sovereign immunity. *See Vidurek I*, 2014 WL 901462 at *5. Further, the court found deficiencies in Plaintiffs' claims against the individual federal defendants, specifically: as for the alleged civil rights violations, Plaintiffs either had no *Bivens* remedy or had otherwise failed to adequately allege a claim; and Plaintiffs had no private right of action to enforce the federal criminal laws allegedly violated. *See Vidurek I*, 2014 WL 901462 at 6, 8-10. Four years later, in *Vidurek II*, Judge Briccetti considered the IRS's attempts through approximately September 2017 to collect the Vidureks' liabilities for tax

---

[3] The non-federal defendants are Pim Pollen, Magareth de Wit, and Alessandro Donetti, three executives of the CBE Group. *See* Dkt. No. 1-1 at 104. The CBE Group is a private company which provides debt collection services for the IRS among other creditors, and has attempted to collect the taxes James Vidurek owes for the 2014, 2015 and 2016 tax years. *Id.* at 86-86. These defendants have not appeared in the case.

years 2008, 2009 and 2014. In July 2018, Judge Briccetti dismissed the complaint in its entirety

for essentially the same reasons as in *Vidurek I, see Vidurek II*, 2018 WL 3597644, at *6-7, 9-12;

and for lack of personal jurisdiction over the individual federal defendants due to insufficient

service of the complaint, *id.* at *8. The Second Circuit affirmed the decision in December 2019.

*Vidurek v. Koskinen*, 789 F. App'x 889 (2d Cir. 2019).

### B. The Notice & Demand

Meanwhile, in 2018, the Vidureks were engaged in another dispute with the IRS

concerning the taxes they owed for tax years 2014, 2015 and 2016. *See, e.g.*, Dkt. No. 1-1 at 35-

38 (Plaintiffs' correspondence to the IRS dated October 30, 2018). In April 2020, the Vidureks

served on Defendants a so-called "Notice & Demand," a document of almost 100 pages and 18

exhibits, consisting primarily of correspondence with the IRS about Plaintiffs' tax liabilities. *See*

Dkt. No. 1-1, at 7-101. According to the Vidureks, the Notice & Demand was akin to a

complaint filed in court. *See* Dkt. No. 15 at 3. Plaintiffs claim that they served the Notice &

Demand to give Defendants a "fair opportunity" to correct errors in their records about the

Vidureks' 2014-2016 tax liabilities. *Id.* The IRS's correspondence within the Notice & Demand

was frequently signed by, or otherwise mentioned, the Individual Federal Defendants.

According to Plaintiffs, the Notice & Demand provides "an overview of the defendants[']

tactics employed upon" them. Dkt. No. 1-1, Notice & Demand, at 8. To show what Plaintiffs

outrageously refer to as the IRS's "Nazi tactics of intimidation," the Notice & Demand contains

allegations concerning the agency's attempts to assess and collect John Vidurek's tax obligations

for 2009—which was already part of the *Vidurek I* and *Vidurek II* lawsuits. In brief, because

John Vidurek did not file a tax return for 2009, the IRS sent him a Proposed Individual Income

Tax Assessment of $119,012.13, and attempted to collect this amount by issuing notices of

deficiency and filing a notice of federal tax lien. *See Vidurek I*, 2014 WL 901462 at *1-3. While

the motion to dismiss in *Vidurek I* was pending, Mr. Vidurek supplied the IRS with information regarding his 2009 income. *See Vidurek II*, 2018 WL 3597644, at * 3; *see also* Dkt. No. 1-1, Notice & Demand, at 26. Based on this information, by letter dated August 7, 2013, the IRS informed him that he was no longer required to file a return for that year, *see id*; and by notice dated September 2, 2013, reduced his tax liability to just $80.64, *see* Dkt. No. 1-1, Notice & Demand, at 28. Plaintiffs allege that these actions by the IRS were "a settlement out of court" of his 2009 tax liability. *Id.* at 8. Nonetheless, allegedly employing "Nazi tactics of intimidation," "after [*Vidurek I*] was closed," the IRS sent Mr. Vidurek a "new bill" for his 2009 taxes. *Id.*[4]

The Notice & Demand alleges that the IRS "criminals" have been "terrorizing" the Vidureks by attributing "absurd amounts" of tax liabilities to John Vidurek, his wife, Kimberly Vidurek, and their son, James Vidurek, for tax years 2014, 2015 and 2016. Dkt. No. 1-1, Notice & Demand, at 9. For these tax years, each member of the Vidurek family owes more than $240,000 in taxes, penalties, and interest. *See id.* at 34. These amounts arise from deficiencies the IRS identified by auditing the family's income for the tax years at issue. *E.g.*, Dkt. No. 1-1, Notice & Demand, at 40-41, 55 (referencing audit of John Vidurek); *id.* at 20, 52 (referencing audit of Kimberly Vidurek); and *id.* at 24, 54 (referencing audit of James Vidurek).

The Notice & Demand claims that the IRS engaged in fraud and criminal racketeering by wrongfully issuing the Vidureks notices of federal tax lien and levy. *See* Dkt. No. 1-1, Notice & Demand, at 9. According to the Vidureks, the IRS is legally required to file in this Court an IRS

---

[4] In *Vidurek II*, Judge Briccetti specifically rejected the same assertion Plaintiffs making here: "Contrary to plaintiffs' assertion that [*Vidurek I*] settled, the Court dismissed the case by Order dated February 27, 2014." 2018 WL 3597644, at *4. Indeed, the August 7 letter from the IRS to John Vidurek merely stated that he did not need to file a tax return for the 2009 tax year, and did not address *Vidurek I*, which involved claims against the IRS and individual IRS employees. *See* Dkt. No. 1-1, Notice & Demand, at 26. The IRS sent Mr. Vidurek a notice on September 2 that his 2009 tax liability was $80.64, months before *Vidurek I* was dismissed. *Id.* at 28.

Form 4490, "Proof of Claim for Internal Revenue Taxes," and an IRS Form 56, "Notice Concerning Fiduciary Relationship," before it can issue a valid federal tax lien and levy taxpayer assets.[5] *See*, *e.g.*, Dkt. No. 1-1, Notice & Demand, at 9-10 (noting Plaintiffs' multiple requests that the IRS provide "proof of claim and fiduciary authority" to verify their tax liability); *id.* at 57 (John Vidurek requesting that the IRS support its tax claim by filing "as required by law" a "Form 4490" and "Form 56"); *id.* at 59 (similar statement of James Vidurek); *id.* at 63 (similar statement of Kimberly Vidurek). Accordingly, the Vidureks demand that the IRS serve them with these executed forms before they will respond to the IRS's collection notices. *Id.*

The Vidureks claim that the Federal Defendants allegedly have a duty to provide this information but have not done so. *Id.* at 11; *see also* Dkt. No 15 at 2 (subsection (d)). Without this information, the Vidureks allege, they cannot determine whether they owe the taxes at issue. They fear that the effect of the IRS's non-response to this request will be to "escalate the case to the next intimidating step," presumably the use of tax collection tools such as wage and property levies. Dkt. No. 1-1, Notice & Demand, at 9-11.

Finally, in the Notice & Demand, the Vidureks deny that they owe any federal taxes for 2014, 2015, and 2016 because the Internal Revenue Code does not apply to them. To be "liable for a tax" under 26 U.S.C. § 7604, they assert that an individual engage in commercial activities involving alcohol, tobacco and firearms, which they do not. *Id.* at 11-12. They also deny the legality of the Internal Revenue Code, alleging that the IRS is "extorting money from its victims through the fraudulent [and] unconstitutional tax code, USC 26." *Id.* at 13.

---

[5] In the second "Action at Law," dated November 16, 2020, Plaintiffs claim that the IRS's legal obligation arises from 28 U.S.C. § 1746, the statute which sets forth requirements to be used when preparing affidavits and declarations. *See* Dkt. No. 15 at 3 (subsection (c)).

Based on the above allegations, the Vidureks assert that Defendants have created a "deceitful web of psychological destructive forces" and are guilty of fraud, conspiracy, racketeering, extortion, violations of due process, and several crimes identified in Title 18 of the United States Code: 18 U.S.C. § 2384 (seditious conspiracy); 18 U.S.C. § 242 (deprivation of rights under color of law and office); 18 U.S.C. § 1001 (false statements or entries); 18 U.S.C. § 1341 (frauds and swindles); 18 U.S.C. § 513 (counterfeited security of a state or political subdivision); and 18 U.S.C. § 1962 (Racketeer Influenced and Corrupt Organizations Act. *See* Dkt. No. 1-1, Notice & Demand, at 9, 12-13.[6]

## C. First Action at Law

The Vidureks did not receive a response to their Notice & Demand (which had not been filed in any court) from the Federal Defendants. Dkt. No. 1-1 at 4. Plaintiff interpreted this non-response as "tacit procuration" that the Defendants admit liability, agree to pay damages and restitution, and consent to enforcement of their obligations by a "court of record in New York" either "*ex parte* or *con parte*." *Id.* Because Defendants' supposedly "defaulted," in July 2020, the Vidureks filed an "Action at Law" in New York Supreme Court, Dutchess County (the "First Action at Law") asking that Defendants show cause why they should not be ordered to pay Plaintiffs' demands for restitution and damages. *Id.* at 3. Attached to the First Action at Law was the Notice & Demand. *Id.* at 7-101.

In addition, the First Action at Law challenges the IRS's decision to apply Plaintiff James Vidurek's overpayment of taxes for tax year 2019 ($813) to reduce his outstanding tax obligation for tax year 2014. *See id.* at 4, 6. The IRS actions were illegal, they claim, because IRS Forms

---

[6] Most of these claims were asserted (and dismissed) in *Vidurek I*, 2014 WL 901462, at *1; and *Vidurek II*, 2018 WL 3597644, at *2.

4406 and 56 were not filed, and the overpayment was taken without providing James Vidurek due process. *See id.* at 4. Plaintiffs demand that the $813 be returned and further seek reimbursement for their court fees and legal research incurred in bringing this action. *See id.* Plaintiffs also seek damages for the alleged "chronic stress" they have suffered and for supposed violations of their civil rights, for which they demand that each Defendant be ordered to pay them $3,240 "face value Morgan Silver Dollars." *Id.* at 5.

### D. Removal of the First Action at Law to Federal Court

On August 20, 2020, the Federal Defendants removed the First Action at Law to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of actions commenced in state court against "[t]he United States or any agency thereof." 28 U.S.C. § 1442(a)(1); Dkt. No. 1, Notice of Removal, ¶ 4.

### E. Second Action at Law

On November 19, 2020, Plaintiffs filed another Action at Law (the "Second Action at Law") as what appears to be an amendment to their First Action at Law. *See* Dkt. No. 15. This document essentially incorporates by reference the First Action at Law and the Notice & Demand, and expands upon Plaintiffs' earlier pleadings. Specifically, the Second Action at Law adds details about matters referenced in the First Action at Law such as the purported meaning of a Notice & Demand, the duty of the Federal Defendants to respond to citizens' tax-related inquiries, and the requirement that IRS officials prepare an affidavit to support tax liability claims when demanding payment from an individual. *Id.* at 3-4. Plaintiffs also assert an additional cause of action under 42 U.S.C. § 1985, which prohibits obstruction of justice and intimidation of jurors. *Id.* at 6. The IRS supposedly made the Vidureks a "target" of enforcement action because John Vidurek allegedly serves on some sort of "Grand Jury" investigating the IRS. *Id.* Finally, the Second Action at Law contains 83 numbered paragraphs to which the

Vidureks demand that Defendants "confirm or deny . . . and expound on any denial." *Id.* at 6-11. These allegations concern matters such as the distinction between courts of law and equity, and the Supreme Court's illegal and unconstitutional combining of actions at law and equity into a single cause of action under Federal Rule of Civil Procedure 2. *Id.* at 7-8.

## ARGUMENT

### A. Standards of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). In ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court may consider evidence outside the pleadings. *See United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998).

On a Rule 12(b)(6) motion, a court must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Courts must "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotation marks omitted). Every plaintiff, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation and internal quotation marks omitted).

**B. The Court Lacks Jurisdiction over Plaintiffs' Claims
Against the Federal Defendants**

    **1.  The United States Has Not Waived Sovereign Immunity for Plaintiffs' Claims
Against the Federal Defendants**

At the threshold, neither the IRS nor its employees sued in their official capacities are proper defendants in this action. "When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Because Congress has not authorized the IRS to be sued, an action against the IRS is, in fact, "an action against the United States." *Greene v. IRS*, 348 F. App'x 625, 626 (2d Cir. 2009) (citing *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). Likewise, in an action against the IRS commissioner concerning actions taken by the IRS to assess and collect unpaid federal taxes, the United States itself is the only potentially proper defendant. *White v. Comm'r*, 899 F. Supp. 767, 775 (D. Mass. 1995). More broadly, to the extent the Vidureks bring claims against the Individual Federal Defendants in their official capacities, the Court also lacks subject matter jurisdiction over those claims. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("[b]ecause an action against . . . federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived").

Even if the United States were properly substituted as a defendant, however, sovereign immunity bars the Vidureks' claims. It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Accordingly, a plaintiff cannot bring suit against the United States in the absence of an express waiver of its sovereign immunity. *See Block v. N.*

*Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983). There is no sovereign

immunity waiver applicable to the present case.

### a. No Sovereign Immunity Waiver Under the Internal Revenue Code

The Internal Revenue Code provides no such waiver. Under 26 U.S.C. § 7433, the United

States waives sovereign immunity "if, in connection with any collection of Federal tax with

respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or

intentionally, or by reason of negligence, disregards any provision of this title, or any regulation

promulgated under this title, such taxpayer may bring an action for damages against the United

States in a district court of the United States." Section 7433 is inapplicable here. *First*, taxpayers

are entitled to bring suit pursuant to 26 U.S.C. § 7433(a) only after exhausting their

administrative remedies with the IRS. *See* 26 U.S.C. § 7433(d); 26 C.F.R. § 301.7433-1(d);

*Vidurek I*, at *5 ("administrative exhaustion is expressly required under both [Section 7432 and

Section 7433]"); *Vidurek II*, 2018 WL 3597644, at *7. Plaintiffs have not done so. *See*

Declaration of James Doane, ¶¶ 2-5.

Moreover, to the extent Plaintiffs' claims arise from the IRS's assessment of taxes, rather

than any collection activities, 26 U.S.C. § 7433(a) does not provide the requisite waiver of

sovereign immunity. *See Hudson Valley Black Press v. IRS*, 409 F.3d 106, 112 (2d Cir. 2005)

("The legislative history of § 7433 plainly establishes that Congress expressly considered

broader remedies—including civil suits relating to tax assessment and for violations of any

federal laws—before rejecting them.").

Additionally, "[i]n order to make out a claim under section 7433(a), a claimant must

demonstrate that an employee of the IRS violated a specific section of the Internal Revenue Code

or Treasury Regulations in collecting taxes from the claimant." *See, e.g.*, *Kennar v. Kelly*, 10 CV

2105, 2011 WL 2116997, at *7 (S.D. Cal. May 27, 2011) (citation omitted), *aff'd*, 2013 WL

3070578 (9th Cir. 2013). Here, the Vidureks fail to allege violations of any specific sections of the Internal Revenue Code or applicable Treasury regulations by the Federal Defendants. Their argument based on 28 U.S.C. § 1746—that the IRS was required to file a proof of claim by executing IRS Forms 4490 and 56 prior to issuing notices of federal lien and levy—lacks merit on its face. Section 1746 relates to the submission to a federal court of an unsworn declaration under penalty of perjury, and has absolutely nothing to do with issuance of IRS notices. IRS Form 4490, however, is used by IRS staff to "file claims for taxes in probate or non-bankruptcy insolvency proceedings." Internal Revenue Manual § 5.9.20.3. And individuals "file a Form 56 to notify the IRS of a fiduciary relationship" and may be used "in any situation where there could be a fiduciary (*i.e.* estate, conservator, etc.)." *Id.* § 3.13.5.32.

> **b. Sovereign Immunity Waivers in the FTCA or the Administrative Procedure Act Are Inapplicable**

The waiver of sovereign immunity under the Federal Tort Claims Act does not provide the Court with jurisdiction either. As a general matter, the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c); *see also Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995). Plaintiffs seek damages for the alleged "chronic stress" they have suffered and for supposed violations of their civil rights. Dkt. No. 1-1, First Action at Law, at 5. But even if such claims were considered not to arise "in respect of the assessment or collection of any tax," FTCA claims also require the exhaustion of administrative remedies, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), which Plaintiffs do not allege they have done.

The Administrative Procedure Act ("APA") provides "[a] person suffering legal wrong because of agency action, or adversely affected . . . by agency action . . . is entitled to judicial

review thereof." 5 U.S.C. § 702. However, agency action is only reviewable under the APA when "no other adequate remedy in a court" exists. 5 U.S.C. § 704. Because there were "adequate remedies . . . available" to the Vidureks to address their complaints, specifically, "an [IRS] Appeals hearing challenging [their] underlying tax liability under 26 U.S.C. § 6330(a), (c)(2)(B), and an appeal of that determination to United States Tax Court under 26 U.S.C. § 6330(d)," *Vidurek I*, 2014 WL 901462, at *5 (citations omitted), the APA does not provide waiver of sovereign immunity in the present case.

### 2. Plaintiffs Failed to Properly Serve the Individual Federal Defendants

Plaintiffs' claims against the Individual Federal Defendants in their individual capacities should be dismissed for lack of personal jurisdiction because Plaintiffs have failed to properly serve them. *See* Fed. R. Civ. P. 12(b)(5) (allowing for dismissal based on "insufficient service of process"). To serve a complaint on a federal employee, the plaintiff must serve the United States and also effect service on the employee pursuant to Rule 4(e)'s procedures for serving individuals. *See* Fed. R. Civ. P. 4(e), (f), (g), (i)(3). Under Rule 4(e), a summons and complaint may be properly served by delivering it to the defendant personally, leaving a copy at the defendant's dwelling with someone of suitable age and discretion, or delivering it to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e)(2). Alternatively, a plaintiff may serve the summons and complaint in accordance with state law in the state where the district court is located, or where service is made. *See* Fed. R. Civ. P. 4(e)(1).

By their own admission, the Vidureks failed to complete service through any of the mechanisms provided in Rule 4(e)(2). Plaintiffs' Affidavit of Service only reflects that copies of the First Action at Law and the Notice and Demand were sent to certain IRS business addresses and post office boxes in New York, Pennsylvania, Utah and California via U.S. mail. *See* Dkt. No. 1-1, First Action at Law, at 100, 104.

Nor did Plaintiffs complete service by following state law as provided in Rule 4(e)(1). Under New York law, a summons may properly be served by following a two-step process: "first, leaving the same with a person of suitable age and discretion at the individual's actual place of business or usual place of abode, and second, mailing the same to the individual at the individual's last known residence or actual place of business." *Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999). "Under Utah law, a complaint can only be served upon an individual or an entity by mail if the defendant signs a document indicating receipt." *Conlin Enter. Corp. v. Snews LLC*, No. 07 CV 922, 2008 WL 803041, at *2 (D. Utah Mar. 24, 2008) (internal quotation marks omitted). Under Pennsylvania law, "'original process shall be served within the Commonwealth only by the sheriff," Pa. R. Civ. P. 400, and only by hand delivery to the defendant, an adult member of his family, or the person in charge of the defendant's usual place of business, Pa. R. Civ. P. 402. *Durkee v. Leicester*, 06 CV 1100, 2007 WL 2852384, at *1 (M.D. Pa. Sept. 27, 2007). Under California law, after attempting to personally serve a defendant, substituted service of process may be made by leaving a copy of the summons and complaint at the individual defendant's office or "usual place of business." Cal. Civ. Proc. § 415.20(b). "All means other than personal delivery to the defendant are considered substituted service, and personal service must have been diligently attempted before substituted service may be performed." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (citation omitted). Because the record contains no proof of such service, the claims against the Individual Federal Defendants in their individual capacity may be dismissed for failing to properly serve any of them.[7]

---

[7] Plaintiffs were on notice that proper service required more than simply mailing pleadings to the Federal Defendants. In *Vidurek II*, the court held that it lacked personal jurisdiction over the

### 3. Plaintiffs Cannot Bring Criminal Charges Against the Federal Defendants

Plaintiffs' criminal causes of action against the Federal Defendants for acts such as fraud, conspiracy, racketeering, extortion, violations of due process, and other crimes identified in Title 18 of the United States Code, *supra* 6, should be dismissed.. It is well established that "individuals . . . cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes." *Wright v. Waterside Plaza LLC*, 07 CV 9303, 2008 WL 872281, at *2 (S.D.N.Y. Apr. 2, 2008) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)). "These criminal laws are enforceable only by the U.S. Department of Justice. As [private citizens, Plaintiffs have] no authority to initiate a federal criminal prosecution of [the Federal Defendants] for their alleged unlawful acts." *Id.*; *see also Vidurek I*, 2014 WL 901462, at *6; *Vidurek II,* 2018 WL 3597644, at *9-10.

### C. Plaintiffs Fail to State a Claim Against the Individual Federal Defendants

Even if the Court possessed jurisdiction to hear Plaintiffs' claims against the Individual Federal Defendants in their individual capacities, which it does not, the Vidureks' pleadings fail to state a claim on which relief could be granted, for several reasons.

### 1. *Bivens* Remedies Are Unavailable in the Taxation Context

A "*Bivens* remedy is an extraordinary thing that should rarely if ever be applied in new contexts." *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (citing *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971)); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("Expanding the *Bivens* remedy is now a disfavored judicial activity" (internal quotation marks omitted)). The Second Circuit has rejected the extension of *Bivens* remedies to the taxation context, *see Hudson*

individual federal defendants because Plaintiffs had simply sent the pleadings via U.S. mail. *See* 2018 WL 3597644, at *8.

*Valley Black Press v. IRS*, 409 F.3d 106, 113 (2d Cir. 2005) (holding that *Bivens* relief is "not

available to taxpayers who allege First Amendment violations based on retaliatory tax audits"),

including in a case where a taxpayer sought damages for allegedly improper conduct by IRS

employees when assessing and collecting taxes, *see Roberts v. IRS*, 297 F. App'x 63, 65 (2d Cir.

2008). The Vidureks' action is no different, and seeks to impose personal liability on IRS

employees for their assessment and collection efforts. No *Bivens* remedy is available here.[8]

### 2. Plaintiffs Fail to Allege Sufficient Personal Involvement of the Individual Federal Defendants

The Vidureks' *Bivens* claims are deficient because they fail to sufficiently allege any

personal involvement by the Individual Federal Defendants in the alleged deprivation of their

constitutional rights. To state a claim pursuant to *Bivens*, a plaintiff must allege that an individual

defendant personally committed a specific wrongful act that violated a well-established

constitutional right of which a reasonable person would have known. *See Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff

must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution."). The Vidureks' constitutional tort claims against the

Individual Federal Defendants appear to be premised on the simple fact that their names appear

---

[8] Besides having no *Bivens* remedy, James Vidurek's due process rights were not violated when the IRS credited his $813 overpayment of taxes for 2019 towards his outstanding tax liability for 2014. *See* Dkt. No. 1-1, First Action at Law, at 4, 6. Under 26 U.S.C. § 6402(a), the IRS is authorized to credit a tax overpayment against "any liability in respect of an internal revenue tax on the part of the person who made the overpayment." The Internal Revenue Code and implementing regulations provide a procedure to challenge the IRS's refusal to grant a refund. *See, e.g.,* 26 C.F.R. § 301.6402-2 (administrative procedure for seeking credit or refund of tax overpayment). This "statutory mechanism for obtaining a refund of overpaid taxes" provides James Vidurek with "all the due process the Constitution requires." *Jackman v. D'Agostino*, 669 F.Supp. 43, 46 (D. Conn. 1987).

on correspondence, summons and/or other forms from the IRS.[9] These are not sufficiently

specific factual allegation to state a constitutional claim. *See Iqbal*, 556 U.S. at 678 ("Nor does a

complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."

(internal quotation marks omitted)).

### 3. Plaintiffs Fail to State a Claim Under 42 U.S.C. §§ 1985 and 1986

Plaintiffs fail to state claims under 42 U.S.C. §§ 1985 and 1986. Section 1985, in

pertinent part, prohibits conspiracies either to deter, by force, threat, or intimidation, any party or

witness from attending or testifying freely, fully, and truthfully in a federal court or to injure any

party or witness in his person or property because he attended or testified in federal court. *See* 42

U.S.C. § 1985(2). A conspiracy claim under § 1985 requires allegations of some "racial, or

perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators'

action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The Vidureks make no such

allegations here; they merely allege without support that the IRS subjected them to vindictive

action because John Vidurek serves on an unidentified "Grand Jury" which is supposedly

investigating the IRS. *See* Dkt. No. 15, Second Action at Law, at 6. Relatedly, section 1986

creates a cause of action for neglect to prevent interference with civil rights. Because a section

1986 claim is "contingent on a valid § 1985 claim," the Vidureks cannot state a section 1986

claim either. *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996).

---

[9] *See* Dkt. No. 1-1, Notice & Demand, at 26 (Letter from Karen Albrecht to John Vidurek dated August 7, 2013, stating that no 2009 tax return needs to be filed); *id.* at 27 (Notice of Federal Tax Lien prepared by Natalie Cassadine, dated April 26, 2013); *id.* at 30 (Letter from Jonnie Melendez to John Vidurek dated November 14, 2014); *id.* at 32-33 (Letter from Susan Lamastro to James Vidurek dated June 19, 2019, concerning changes to IRS audit results); *id.* at 49-50, 76, 78 (Letters from Bobbi Martin to James and John Vidurek acknowledging receipt of information, dated February 25, 2020); *id.* at 68-71, 73, 75 (Letter from Frank Chan to John Vidurek dated December 26, 2019, summarizing taxes owed and requesting payment).

#### 4. Plaintiffs' State Law Claims Against the Individual Federal Defendants Fail

Pursuant to 28 U.S.C. § 2679(b)(1), a suit against the United States under the FTCA is the exclusive remedy for damages for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Employees of the United States acting within the scope of their employment therefore have absolute immunity from state-law tort claims. *See Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991). Plaintiffs allege that the Federal Defendants' actions caused them to suffer chronic stress. *See* Dkt. No. 1-1, First Action at Law, at 5. But the gravamen of Plaintiffs' complaint is that the Individual Federal Defendants acted in their capacities as IRS employees by communicating with the Vidureks about taxes they owe. The Individual Federal Defendants therefore have absolute immunity from any state law tort claims.

#### 5. Even if Plaintiffs Could Bring Any Claims Against Any of the Federal Defendants, Plaintiffs Fail to State Plausible Claims for Relief

Even assuming that Plaintiffs could bring any of their claims against the Federal Defendants, each claim should still be dismissed for failing to state a plausible claim for relief. The Complaint is devoid of any facts suggesting that the Federal Defendants have done anything other than exercise their lawful duties. Plaintiffs' "naked assertion[s]" of retaliation, devoid of any "further factual enhancement" cannot survive a motion to dismiss brought pursuant to Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

### D. The Individual Federal Defendants Are Entitled to Qualified Immunity

Finally, even if Plaintiffs had stated any valid claims against the Individual Federal Defendants (and even if this Court had jurisdiction to consider such claims), those claims would have to be dismissed on grounds of qualified immunity because the pleadings fail to allege any violation of clearly established law. The qualified immunity determination involves two steps,

which a court may consider in either order. *See*, *e.g.*, *Taravella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010). One step is to determine whether the facts, as alleged, "make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citations omitted). The second is a determination of "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* (citation omitted). A right is clearly established "when, at the time of the challenged conduct, the contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (internal quotation marks omitted). Although "a case directly on point" is not required to clearly establish a right, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

"Even where the law is 'clearly established' and the scope of an official's permissible conduct is 'clearly defined,' the qualified immunity defense also protects an official if it was 'objectively reasonable' for him at the time of the challenged action to believe his acts were lawful." *Taravella*, 599 F.3d at 134 (citation omitted). The standard is thus "forgiving" to officials, and "qualified immunity protects . . . all but the plainly incompetent or those who knowingly violate the law." *Ganek v. Leibowitz*, 874 F.3d 73, 81 (2d Cir. 2017) (quoting *al-Kidd*, 563 U.S. at 743).

The Vidureks' pleadings fail to sufficiently allege the existence of any constitutional violation, much less a clearly established one. "The Supreme Court has long upheld the IRS's assessment and collection procedures as constitutional." *Celauro v. IRS*, 411 F. Supp. 2d 257, 267 (E.D.N.Y. 2006), *aff'd sub nom. Celauro v. United States*, 214 F. App'x 95 (2d Cir. 2007) (alleged "issuance of the tax levies without a court order, did not, as a matter of law, violate clearly established constitutional rights of which a reasonable official would have known").

Accordingly, the Second Circuit has recognized that IRS employees are entitled to qualified immunity in cases involving allegations related to tax enforcement activities. *See Yalkut v. Gemignani*, 873 F.2d 31, 33, 36 (2d Cir. 1989) (allegations that IRS defendants' filing of levy was "in excess of their authority, taken with the knowledge that [plaintiff] did not owe the IRS money, without legal basis or justification, and malicious" were insufficient to establish that defendants violated any clearly established due process right); *see also Tonn v. United States*, 847 F. Supp. 711, 718 (D. Minn. 1994) ("Even if it was appropriate to recognize a *Bivens* action in this case, all of the individual defendants would be immune from liability for any violations of Tonn's procedural or substantive due process rights under the doctrine of qualified immunity."), *aff'd*, 27 F.3d 1356 (8th Cir. 1994). Lastly, to the extent that the Vidureks claim that unidentified Individual Federal Defendants have "targeted" them for assessment and collection action because John Vidurek is supposedly serving on some type of grand jury investigating the IRS, these "bare allegations of malice cannot overcome the qualified immunity defense," *Crawford El v. Britton*, 523 U.S. 574, 588 (1998)

**CONCLUSION**

For the foregoing reasons, the Federal Defendants respectfully request that the Court

dismiss all of Plaintiffs' claims against them.

Dated: New York, New York
December 19, 2020

                                        AUDREY STRAUSS
                                        Acting United States Attorney for the
                                        Southern District of New York
                                                *Attorney for the Federal Defendants*

                                    By: /s/ Brandon H. Cowart
                                        BRANDON H. COWART
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Telephone: (212) 637-2693
                                        Facsimile: (212) 637-2686
                                        Email: brandon.cowart@usdoj.gov